IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

WILLIAM BUCK,

        **Plaintiff,**

v.

WEXFORD HEALTH SOURCES, INC.;
PONTIAC CORRECTIONAL
CENTER; MINDI NURSE, Warden
Pontiac Correctional Center; ROB
JEFFREYS, Director Illinois
Department of Corrections,

        **Defendants.**

## COMPLAINT

Plaintiff WILLIAM BUCK, by and through his attorneys, THE EXONERATION PROJECT, complains of Defendants Wexford Health Sources, Inc., Pontiac Correctional Center, Warden Mindi Nurse, and Rob Jeffreys, director of the Illinois Department of Corrections (collectively, "Defendants"), states as follows:

### Introduction

1. Plaintiff William Buck, an inmate at Pontiac Correctional Center ("Pontiac"), has been on a hunger strike since February 2023, protesting Pontiac's refusal to provide him with adequate mental health and physical health care. His physical health has now deteriorated to such an extreme that his vital organs are shutting down and he is lacking basic functionality.

2. Mr. Buck has sought treatment for a range of symptoms from asthma, to heart failure, to kidney failure, to severe mental health disturbances. His condition is now life-threatening.

3. Mr. Buck has consistently requested he be sent to a hospital or other appropriate facility to obtain appropriate medical tests and treatment, and he has grieved Defendants failure to provide him with necessary care.

4. Defendants have not only continued to deny Mr. Buck needed care, they have also retaliated against him by withholding prescribed medications and medical care.

5. In so doing, the Defendants have chosen to leave Mr. Buck's medical needs untreated, forcing him continually suffer and face the prospect of a preventable death in prison. In this way, the Defendants have been deliberately indifferent to Mr. Buck's serious medical needs, in violation of the Eighth Amendment of the United States Constitution.

6. Mr. Buck therefore files this lawsuit seeking the bare minimum he is due: injunctive relief providing immediate transfer to a hospital where he can receive appropriate medical tests and treatment and an end to any retaliatory behaviors.

## The Parties

7. Plaintiff William Buck is incarcerated by the State of Illinois and held by the Illinois Department of Corrections ("IDOC") at Pontiac.

8. At all times relevant, Defendant Mindi Nurse was and is employed by the IDOC in the capacity of Warden of Pontiac Correctional Center. As such, Defendant Nurse was and is acting under color of law. Defendant Nurse promulgates rules, regulations, policies, and procedures for the provision of certain medical care, including medical screening of inmates at Pontiac and for investigating and responding to inmate complaints and grievances relating to medical care. Defendant Nurse's policies are implemented by and through IDOC employees.

9. At all times relevant, Defendant Nurse was and is responsible for, among other things, ensuring that the practices and medical decisions of staff at Pontiac comply with federal and state requirements for the treatment of inmates. Ms. Nurse has personal knowledge of Mr. Buck's medical condition, and has been specifically given notice that Mr. Buck has not been given adequate medical treatment. Defendant Nurse has thereby implemented, enforced, and/or condoned the condition of Mr. Buck not being given appropriate medical testing and care to address his serious medical and mental health needs. Defendant Nurse is sued in her official capacity.

10. The Illinois Department of Corrections ("IDOC") is an agency of the State of Illinois that operates the State's prison system.

11. At all times relevant, Defendant Wexford Health Sources, Inc. ("Wexford") was and is engaged in providing medical care and treatment to inmates at

Pontiac, including Plaintiff. Wexford has contracted with the IDOC to perform such services and therefore acted, and still acts, under color of law.

12. At all times relevant, in its capacity as a contractor to the IDOC, Wexford promulgated rules, regulations, policies, and procedures for the medical screening, medical treatment, and overall medical care of inmates at Pontiac, including Plaintiff. Wexford's policies are implemented by and through its employees and the employees of the IDOC.

## Jurisdiction and Venue

13. This action is brought pursuant to 42 U.S.C. § 1983 to end the ongoing deprivation of Plaintiff's rights as secured by the United States Constitution. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

14. Venue is proper under 28 U.S.C. § 1391(b). The events giving rise to the claims asserted herein all occurred within this district and, upon information and belief, all Defendants reside in this judicial district.

## Facts

15. Plaintiff has been incarcerated for twenty years. He has spent the majority of that time in solitary confinement.

16. Plaintiff has been seeking medical treatment and mental health treatment and in February 2023, he began a hunger strike to protest Pontiac's failure to provide these necessities.

17. Pontiac and Wexford employees have responded by retaliating against Plaintiff, including but not limited to: withholding his prescribed

medications; withholding further medical care; and restricting him in such a way that he cannot receive the medical care he needs.

18. Since at least July 19, 2023, Plaintiff's medical state became dire. Among other symptoms, he lost the ability to stand, he lost sensation in his legs, his ability to urinate became severely restricted or ceased, his heart condition worsened, he dramatically weakened.

19. When counsel informed Defendants of this situation, Defendants refused to provide additional medical care and instead responded with further retaliation.

20. Plaintiff has filed numerous grievances relating to Defendants' deprivation of medical care.

21. In failing to act upon Plaintiff's requests for medical care, the Defendants have acted in conscious disregard of, and with deliberate indifference to, Plaintiff's welfare. Plaintiff's condition has been obvious and known by the Defendants, yet they deliberately denied Plaintiff access to adequate medical care.

22. Upon information and belief, at all relevant times, the Defendants have known Plaintiff's need for additional medical care unavailable at Pontiac; they have known that Plaintiff should be referred to a hospital to treat Plaintiff's medical issues; and they have known that they were not adequately treating Plaintiff's medical condition. However, the Defendants have deliberately continued to deny such medical care.

**Exhaustion**

23. The Prison Litigation Reform Act, 42 U.S.C § 1997e(a), provides that no action be brought by a prisoner with respect to prison conditions until "such administrative remedies as are available are exhausted."

24. Plaintiff has followed the procedures set out by the Illinois Administrative Code for filing an "emergency" grievance in effort to obtain proper medical treatment, and his first grievance has been designated as "emergency." Plaintiff has not obtained any medical relief. As such, upon information and belief, Plaintiff's grievance has been denied, and his remedies have been exhausted.

**Count I 42 U.S.C. § 1983 – Cruel and Unusual Punishment**

25. Plaintiff incorporates each Paragraph of this Complaint as if restated fully herein.

26. Via the Fourteenth Amendment, the Eighth Amendment of the United States Constitution prohibits the Cruel and Unusual Punishment of individuals incarcerated by, and in the custody of, the State of Illinois.

27. Defendant Nurse is responsible in her official capacity for the violation of Plaintiff's rights under the Eighth Amendment because she is responsible for Plaintiff's serious medical needs and was aware of and deliberately indifferent to them, resulting in past and ongoing harm to Plaintiff.

28. 53. In addition, Defendant Jeffrey is responsible in his official capacity as an IDOC final policy-maker for maintaining a widespread policy, practice, or

custom at Pontiac that was the moving force behind the violation of Plaintiff's Eighth Amendment rights as described herein.

**Count II 42 U.S.C. § 1983 – Cruel and Unusual Punishment**

29. 54. Plaintiff incorporates each paragraph of this Complaint as if restated fully herein.

30. Plaintiff's rights under the Eighth Amendment to be free from Cruel and Unusual Punishment by the State of Illinois have been abridged by Wexford's deliberate indifference to Plaintiff's serious medical needs.

31. While in the custody of the State of Illinois, Plaintiff cannot care for himself and Wexford has deliberately denied medical care necessary to alleviate obvious severe pain and suffering resulting from Plaintiff's medical condition.

32. At all times relevant, Defendant Wexford was and remains under contract to the State of Illinois, through the IDOC, to provide health care to inmates at Pontiac, including Plaintiff. In this capacity, Defendant Wexford acted under color of law, and Wexford, as provider of healthcare services to inmates at Pontiac, was responsible for the creation, implementation, oversight, and supervision of all policies and procedures followed by Wexford and IDOC employees who were medical care providers to inmates incarcerated at Pontiac.

33. At all times relevant, Wexford maintained a policy or procedure under which inmates with serious medical conditions, like Plaintiff, were routinely denied

access to proper or sufficient medical care. Wexford's policies and procedures resulted in the frequent failure and refusal of its employees to provide proper or adequate medication and medical care to inmates. Wexford has a constitutional obligation to maintain and provide continuing adequate and appropriate medical care and treatment of prisoners incarcerated at Pontiac. As a direct and proximate result of the unconstitutional policies and procedures of Wexford, Plaintiff was deprived of his rights under the Eighth Amendment.

34. At all relevant times, Wexford, by and through its agents, knew of Plaintiff's need for specialized medical care, knew that failure to timely provide such care would aggravate his medical conditions and injuries, and knew their failure to provide such care would exacerbate severe pain and suffering caused by these medical conditions and injuries. However, Wexford deliberately failed to take reasonable steps to ensure Plaintiff received the medical care required.

35. As a direct and proximate result of Wexford's policies, Plaintiff's serious medical needs, and his pain and suffering have been exacerbated resulting in physical and emotional injuries.

WHEREFORE, Plaintiff, WILLIAM BUCK, by and through his attorneys, THE EXONERATION PROJECT, respectfully asks that the Court: (a) issue a temporary restraining order, a preliminary injunction, and a permanent injunction enjoining the Defendants from refusing to provide adequate medical care to Plaintiff and, further, by ordering the Defendants to provide Plaintiff with adequate medical treatment by referring him to medical facility outside of Pontiac where Plaintiff can be given appropriate medical testing and treatment for both physical and mental health needs; (b) enter a judgment against Defendant and in favor of Plaintiff for costs of prosecuting this action; and (c) order any other relief the court deems necessary.

RESPECTFULLY SUBMITTED,

/s/ Michael Kanovitz

Michael Kanovitz
Debra Loevy
Lyla Wasz-Piper
The Exoneration Project
311 N. Aberdeen, 3rd floor
Chicago, IL 60607
312-789-4955
debra@exonerationproject.org
lyla@exonerationproject.org
Counsel for William Buck

## CERTIFICATE OF SERVICE

I, Michael Kanovitz, an attorney, certify that on July 22, 2023, I filed a copy of this pleading through the Court's electronic filing system and, on July 22, 2023, served this pleading via email upon:

Warden Mindi Nurse
Pontiac Correctional Center
Via email to: mindi.nurse@illinois.gov and Kyrstin.Beasley@ilag.gov


Rob Jeffreys
Illinois Department of Corrections
Via email to counsel:
Julie.L.Morgan@illinois.gov
Staff Legal Counsel, IDOC


Wexford Health Sources, Inc.
Via email to counsel:
ssievers@cassiday.com
Scott Sievers
Cassiday Schade LLP
3100 Montvale Dr
Springfield IL 62704
217.993.5640

/s/ Michael Kanovitz