UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM BUCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.: 23-1271-CSB |
| | ) |
| WEXFORD HEALTH | ) |
| SOURCES, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

### HIPAA QUALIFIED PROTECTIVE ORDER

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court on Plaintiff's motion for a Protective Order under the Health Insurance Portability and Accountability Act ("HIPAA").

Plaintiff moves the Court for a HIPAA Protective Order in order to protect his health information and other information from being publicly disclosed. Defendant Wexford Health Sources, Inc., which is the only Defendant upon which service of process has been accomplished and which has appeared through counsel, indicates that it has no objection to Plaintiff's motion.

The Court agrees that, during the course of this litigation, the Parties may attempt to obtain protected health information of the Plaintiff William Buck from a covered entity. Accordingly, the Court enters this Qualified Protective Order regarding the disclosure of protected health information. 45 C.F.R. § 164.512(e)(1)(v). This is not an Order compelling the production of protected health information. The Parties are still required to seek that information through the lawful process applicable to discovery in

any civil case such as through discovery requests, subpoena(s), and motions to compel. This Protective Order does not relieve any Party of complying with applicable notice requirements. 45 C.F.R. § 164.512(e)(1)(ii)(A) & (iii).

**IT IS, THEREFORE, ORDERED:**

    1.    Plaintiff's motion for a protective order [13] is GRANTED.

    2.    For purposes of this Protective Order, the terms "covered entity" and "protected health information" are defined in 45 C.F.R. § 160.103.

    3.    This Protective Order applies to:

        (a).    any protected health information sought by a Party to this lawsuit from a covered entity pursuant to a subpoena, discovery request, or other lawful process, 45 C.F.R. § 164.512(e)(1)(ii);

        (b).    any protected health information for which this Court has specifically ordered or authorized production, 45 C.F.R. § 164.512(e)(1)(i); and

        (c).    any mental health treatment records, which may otherwise be subject to addition protections under State law.

    **4.**    **Anyone receiving protected health information in connection with this litigation is prohibited from using or disclosing said information for any purpose other than this litigation. Authorized disclosure for purposes of this litigation includes, but is not limited to, disclosure to the necessary persons for investigation, consultation, discovery, depositions, trial, appeal, mediation, settlement, and insurance.**

5. At the end of this litigation, the Parties must either return all protected health information to the covered entity or destroy the information, with the exception that Plaintiff may use William Buck's protected health information outside of the litigation and retain it beyond the litigation. This litigation ends after judgment has been entered in this case disposing of all claims and all appeals have been resolved, if any.

6. Protected health information will not be filed under seal unless the Court grants a motion to seal filed that has been filed by a Party. CDIL-LR 5.10.

Entered this 9th day of August, 2023

                                                                                                            _____/s Colin S. Bruce_____
                                                                                                              COLIN S. BRUCE
                                                                                    UNITED STATES DISTRICT JUDGE